UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LUIS PILATASIG CHUGCHILAN,

              Petitioner,

v.

KEVIN RAYCRAFT et al.,

              Respondents.

_____/

Case No. 1:26-cv-1581

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.16–17.)

In an Order entered on May 14, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the April 15, 2026, bond hearing on May 18, 2026. (Resp., ECF No. 5; Recording of Bond Hearing, filed on Apr. 15, 2026.)

## II.    Relevant Factual Background

Petitioner is a citizen of Ecuador who entered the United States in 2023. (Pet., ECF No. 1, PageID.7.) On January 22, 2026, Petitioner was arrested by ICE agents. (*Id.*, PageID.5.)

On March 17, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Pilatasig Chugchilan v. Raycraft* (*Pilatasig Chugchilan I*), No. 1:26-cv-883 (W.D. Mich.). In *Pilatasig Chugchilan I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Pilatasig Chugchilan I*, (W.D. Mich. Apr. 9, 2026), (ECF Nos. 7, 8).

On April 15, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.8.) At that hearing, Petitioner argued that argued "that he is neither a danger to the community nor a flight risk because he has no criminal record, has a stable address in New York City, has appeared for all his immigration court appearances, and has family members and U.S. citizen friends willing to sponsor him." (*Id.*, PageID.8–9.) "The sole evidence that the government submitted was the Form I-213 and a copy of the Immigration Judge's decision in Mr. Pilatasig Chugchilan's removal proceedings" (*Id.*, PageID.9.) At the conclusion of the April 15, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Respondent is a flight risk. Respondent's application was denied and he was ordered removed (pending appeal)." (Immigration Judge Order, ECF No. 1-1, PageID.22.)

**III.    Discussion**

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on April 15, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## <u>Conclusion</u>

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:    _____June 9, 2026_____                    /s/ Jane M. Beckering_____
                                                                                   Jane M. Beckering
                                                                                   United States District Judge

3